Patricia D. Collins, J.
This is an action for balance allegedly due plaintiff corporation, operator of a health spa.
The plaintiff and defendant entered into a contract for membership in a “Membership Club”; facilities to be used by defendant as often as defendant desired and ns long during each session as defendant desired. The term of1 the contract, dated February 21, 1972 is- 24 months-; stated contract price $351.68 after crediting a $20 down payment.
The defendant did attend .the facility and did make payments to the extent that there is a balance due under the contract in the amount of $290.22.
The defendant resists payment alleging that he has a physical disability, to wit: high blood pressure as a result of which he discontinued the program.
At the time of the enrollment, a questionnaire was. submitted to defendant which he signed at the bottom thereof. Under Item 5, entitled, “Medical History,” there is a question:' A. Have you .high or low blood pressure? ” There is filled in an answer, “No.”
Defendant was vague in his recollection as to whether the questionnaire was complete when he signed same. However, he recalled advising plaintiff’s employee, “ S. iSehull ”, that he had high blood pressure and was given a 4F classification by the Government due to pressure.
Defendant contends he notified plaintiff of the reason for discontinuing sometime in June, 1972. Plaintiff’s witness states he never received notice of this medical notice, and in any event, the contract -provides for such notice to be given within four business clays of the date of execution of the agreement.
Defendant admitted he never read the reverse side where such limiting language is set forth.
Plaintiff did not .produce the employee who -signed up the defendant alleging said individual is no longer employed by plaintiff.
*383 While it is true that defendant (as have many before him and probably many will after him) failed to read the entire contract, this court believes that a contract which locks an individual into a contract for any physical disability not reported within four business days, is against public policy. What of the man who breaks his leg six days after ? The woman who becomes pregnant one week after? Accepting plaintiff’s contention that a notice was not received, it really is not critical to this decision inasmuch as plaintiff has insulated itself against a medical cancellation for any illness or disability which is not discerned and reported within four business days and defendant did not send a notice within that time. A subscriber who becomes physically disabled five business days after signing, is required to make full payment for no 'services rendered. This goes beyond unjust enrichment to profit on another’'S misery.
The court is aware that defendant has not shown to the court any medical proof to substantiate the high blood pressure; however, this does not alter the court’s decision because of plaintiff’s unalterable stance, i.e., only timely notice in accord with its contract is effective to terminate a customer’s contractual liability. In effect, plaintiff says, “We don’t care what you have — we must know in four days.” Parenthetically, although plaintiff does not require a medical certificate before signing a -subscriber, it does require one (in four days) to release a subscriber.
The court poses ia question to plaintiff: In the alternative, is plaintiff willing to assume the responsibility for possible serious consequences should this defendant or any subscriber disabled after four days, elect to continue to use the facilities? The court thinks not.
The plaintiff permitted an employee with no medical training to complete a fuzzy medical inquiry. Whereas, a medical certificate from a physician should be requested.
Plaintiff is a membership corporation, a wholly owned subsidiary of Holiday Universal, Inc., of Baltimore, Maryland, doing business in New York State. The limiting language of the paragraph' in question, flies in the face of the all-out efforts being made to protect the consumer who frequently deals on an unequal basis with a sophisticated corporation such as plaintiff.
The question of blood pressure must weigh as an important consideration in the mind of plaintiff when it sets forth an inquiry, “ Medical History. A. Have you high or low blood pressure? ” To rely on the reply of a layman is to assume *384 responsibility for the person who appears, as did defendant, without a medical certificate. The question of pressure is relative and should be related to the particular activities offered a customer. It requires more than a lay opinion. Having relied on a layman’s reply, certainly the person should not be foreclosed in four business days.
The court adjourned the trial to permit production of the employee “S. Schull ” who signed up defendant. The employee was not produced.
Plaintiff did not subpoena its former employee, citing a change of employment. The court has determined that plaintiff’s office in Plainview is aware of the former employee’s new employment (care of Commander Lincoln Mercury Company, Hicksville, New York, telephone 516-935-6550).
For tall of the foregoing reasons, the court dismisses complaint. Judgment for defendant.